IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-0026-RJC-DSC

JORGE MIGUEL PALACIOS et. al., )
)
       Plaintiffs, )
)
v. )
)
JEFFERSON B. SESSIONS et. al., )
)
)
       Defendants. )
)

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "Telisa White's … Motion to Dismiss…" (document #13) and "Federal Defendants-Respondents' Motion to Dismiss …" (document #21), as well as the parties' associated briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Federal Defendants' Motion be <u>granted</u> and that Defendant White's Motion be <u>denied as moot</u>, as discussed below.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This action challenges the bond hearing practices of three Immigration Judges at the Charlotte Immigration Court. Plaintiffs bring this action against those Judges as well as other Federal officials and the Facility Commander at Mecklenburg County Jail-Central.

On January 17, 2018, counsel for Plaintiff Palacios filed a motion for bond hearing with the Charlotte Immigration Court. Palacios was being detained at Mecklenburg County Jail-Central in Charlotte.

Palacios' bond motion included a signed waiver of appearance authorizing his attorney to appear in his absence. On January 22, 2018, Defendant Judge Couch issued an order finding that Palacios' "request for a bond redetermination is more appropriately heard in an Immigration Court which supports a detained docket and affords them an opportunity to appear in person," and declining to exercise his authority to conduct a bond hearing. Subsequently, the Department of Homeland Security transferred Palacios to the Stewart Detention Center in Lumpkin, Georgia. Dkt. 23-2. He filed a new bond motion with the Lumpkin Immigration Court. On February 15, 2018, Immigration Judge Lisa A. De Cardona ordered him released on bond.

On January 4, 2018, counsel for Plaintiff Lozoya filed a motion for bond hearing with the Charlotte Immigration Court. Lozoya was being detained at the Wake County Detention Center in Raleigh. The Court scheduled a bond hearing for January 10, 2018 before Defendant Judge Holmes-Simmons. Lozoya signed a waiver of appearance authorizing his attorney to appear in his absence. At the hearing, Government counsel represented that DHS had already transferred Lozoya to the Stewart Detention Center. Judge Holmes-Simmons issued a decision stating that she "decline[d] to exercise jurisdiction" over the case because Lozoya was not in the Carolinas. Lozoya subsequently filed a new bond motion with the Lumpkin Immigration Court. On February 8, 2018, Judge De Cardona ordered Lozoya released on bond.

On January 17, 2018, Plaintiffs filed their class action Complaint. Plaintiffs seek an injunction ordering the Charlotte Immigration Judges to conduct hearings for all putative class-members who file bond motions with the Court.

On February 9 2018, Defendant White filed her Motion to Dismiss.

On April 12, 2018, the Federal Defendants filed their Motion to Dismiss.

## II. DISCUSSION

### A. Federal Defendants' Motion to Dismiss

Federal district courts have limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009), cert. denied 558 U.S. 875 (2009). "They possess only that power authorized by Constitution and statute." Randall v. United States, 95 F.3d 339, 344 (4th Cir. 1996). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Vuyyuru, 555 F.3d at 347; see, e.g., Sumwalt v. U.S. Dept. of Veterans Affairs, No. 3:13-cv-00367-MOC-DCK, 2013 WL 6056602, *4 (W.D.N.C. Nov. 15, 2013).

The existence of federal subject matter jurisdiction is a threshold issue, Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir.1999), and a challenge to the court's subject matter jurisdiction is properly considered on a motion under Federal Rule of Civil Procedure 12(b)(1). Clinton v. Brown, No. 3:15-cv-0048-FDW-DSC, 2015 WL 4941799, *2 (W.D.N.C. Aug. 19, 2015). The burden of establishing federal subject matter jurisdiction rests upon the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982). The moving party should prevail on a motion to dismiss for lack of federal jurisdiction if material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Richmond, Fredericksburg & Potomac R.R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991).

Decisions to detain or release an alien on bond have been delegated to the Attorney General by Congress. See 8 U.S.C. § 1226(a). That section provides that, "the Attorney General (1) may continue to detain the arrested alien; and (2) may release the alien on— (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B)

conditional parole." Id. The Attorney General has delegated this authority to immigration judges. 8 C.F.R. §§ 1003.10, 1003.19(a); Matter of Cerda Reyes, 26 I. & N. Dec. 528, 530 (2015) ("[T]he authority to hear bond cases comes from the Act itself, via delegation from the Attorney General."). An alien may appeal an adverse bond determination to the Board of Immigration Appeals, see id., but the agency's "discretionary judgment regarding the application of [§ 1226(a)] shall not be subject to review" by any federal court. 8 U.S.C. § 1226(e); see also 8 U.S.C. § 1252(a)(2)(B)(ii).

To request a bond hearing, an alien must file an application ―in the designated order: (1) If the respondent is detained, to the Immigration Court having jurisdiction over the place of detention; (2) To the Immigration Court having administrative control over the case; or (3) To the Office of the Chief Immigration Judge for designation of an appropriate Immigration Court." 8 C.F.R. § 1003.19(c). Bond hearings are "separate and apart from, and . . . form no part of, any deportation or removal hearing or proceeding." 8 C.F.R. § 1003.19(d). The relevant question is whether the alien can "demonstrate to the satisfaction of the [IJ] that [his or her] release would not pose a danger to property or persons, and that [he or she] is likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8); Matter of Adeniji, 22 I. & N. Dec. 1102, 1112 (BIA 1999). Although the regulations suggest that a bond hearing will usually be held in the location where the alien is detained, "policies related to the scheduling of bond hearings, including determining the location of the hearing, are properly within the province of the [immigration courts]." Matter of Reyes, 26 I. & N. Dec. at 530–31.

Initially, Defendants argue that Plaintiffs' release from detention renders their claims moot and deprives them of standing to bring this action. Where claims are inherently transitory, a class action will remain live even if the named plaintiff's claims may be moot, provided that the claims of proposed class members are not. Certification of the class action complaint can "relate back" to

the time it was filed. Sosna v. Iowa, 419 U.S. 393, 399-402 & n.11 (1975); Basel v. Knebel, 551 F.2d 395, 397 n.1 (D.C. Cir. 1977) ("[A] class action should not be deemed moot even if the named plaintiff's claim becomes moot prior to certification of the class . . . ."); Rivera v. Holder, 307 F.R.D. 539, 548 (W.D. Wash. 2015) ("Although plaintiff's class certification motion was ultimately noted for consideration well after plaintiff's release [mooting out the individual claim], the Court finds that the relation back doctrine applies.").

As the Supreme Court has recognized:

> [T]he "inherently transitory" rationale was developed to address circumstances in which the challenged conduct was effectively unreviewable, because no plaintiff possessed a personal stake in the suit long enough for litigation to run its course. A plaintiff might seek, for instance, to bring a class action challenging the constitutionality of temporary pretrial detentions. In doing so, the named plaintiff would face the considerable challenge of preserving his individual claim from mootness, since pretrial custody likely would end prior to the resolution of his claim. To address this problem, the Court explained that in cases where the transitory nature of the conduct giving rise to the suit would effectively insulate defendants' conduct from review, certification could potentially "relate back" to the filing of the complaint.

Genesis HealthCare Corp. v. Symczyk, 569 U.S. 66, 76 (2013) (quotation omitted).

Courts have applied this doctrine to class actions challenging the detention of aliens. See, e.g., Khoury v. Asher, 3 F. Supp. 3d 877, 891 (W.D. Wash. 2014) (denying motion to dismiss and finding named plaintiffs could represent a class despite release from detention because their release "plac[ed] them squarely within the transitory claim exception"); Abdi v. Duke, 280 F. Supp. 3d 373, 397 (W.D.N.Y. 2017) (inherently transitory doctrine applies where "the duration of the putative class members' detention is not clear from the outset, and there is a strong possibility that they could be released prior to class certification"); R.I.L-R v. Johnson, 80 F. Supp. 3d 164, 183 (D.D.C. 2015) (finding that "[r]elation back is appropriate" because the length of alleged unlawful detention was "significant enough to create a cognizable injury," but "too short for a court to be

expected to rule on a certification motion"); cf. Cabrera Diaz v. Hott, No. 1:17-cv- 1405, 2018 U.S. Dist. LEXIS 30846, *20 n.14 (E.D. Va. Feb. 18, 2016) (unpublished) (recognizing class certification of detained aliens was appropriate where "individual claims are often rendered moot during the appellate process").

Applying those legal principles to the facts alleged here, the Court concludes that the relation back doctrine applies. Plaintiffs have standing to pursue their claims.

However, this Court lacks subject matter jurisdiction over these claims. Plaintiffs complain of the Immigration Judges' discretionary determination that the Charlotte Immigration Court is not the proper venue for their bond motions. As noted, Congress has expressly delegated these bond determinations to the Attorney General and his designees, the Immigration Judges. In the exercise of this authority, the Board of Immigration Appeals has made clear that "policies related to the scheduling of bond hearings, including determining the location of the hearing, are properly within the province of the [immigration courts]." Matter of Reyes, 26 I. & N. Dec. at 530–31. More importantly, 8 U.S.C. § 1226(e) states "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside *any action or decision* by the Attorney General under this section *regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.*" Id. (emphasis added). Plaintiffs emphasize that they do not challenge the bond determinations made by the Defendant Immigration Judges. They challenge what they characterize as these Judges' "outright refusal" to conduct bond hearings. In fact, the Judges are sending these matters to another venue for hearing. This clearly amounts to an "action…regarding the detention…of any alien…" that falls under 8 U.S.C. § 1226(e).

8 U.S.C. § 1252(a)(2)(B)(ii), also withholds subject-matter jurisdiction over challenges in these circumstances. See, e.g., Brito-Ramirez v. Kelly, No. 0:17-463-TMC-PJG, 2017 WL 1363904, at *1 (D.S.C. March 3, 2017) (finding that district court lacked subject matter jurisdiction to review a similar claim challenging detention of aliens), aff'd, No. 0:17-463-TMC, 2017 WL 1329360, at *1 (D.S.C. April 11, 2017); see also Loa-Herrera v. Trominski, 231 F.3d 984, 991 (5th Cir. 2000) ("[t]he Attorney General's discretionary judgment regarding the application of [bond]—including the manner in which that discretionary judgment is exercised, and whether the procedural apparatus supplied satisfies regulatory, statutory, and constitutional constraints—is not . . . subject to review [under the INA].").

When a statute unambiguously places a determination within the Attorney General's discretion—as does 8 U.S.C. § 1226(a)—the Supreme Court has held that § 1252(a)(2)(B)(ii) bars review. Kucana v. Holder, 558 U.S. 233, 237 (2010) ("§ 1252(a)(2)(B) applies … to Attorney General determinations made discretionary by statute.")

Applying those legal principles to the record here, the Court lacks subject matter jurisdiction over Plaintiffs' claims. Accordingly, the undersigned respectfully recommends that the Federal Defendants' Motion to Dismiss be granted.

### B. Defendant White's Motion to Dismiss

Defendant White is named a Defendant solely in her capacity as Facility Commander at the Mecklenburg County Jail where Palacios was initially held. Palacios was held in the Mecklenburg County Jail pursuant to a contract with ICE. White is not named in any of Plaintiffs' substantive claims but rather as the Defendant having custody of Palacios.

Defendant White's Motion asks the Court to resolve whether the "immediate custodian rule" established in Rumsfeld v. Padilla, 542 U.S. 426, 430-32 (2004) applies in this situation as

well. As the parties agree, in Padilla the Supreme Court expressly left unresolved the question of the proper respondent to a habeas petition by an alien "detained pending deportation." 542 U.S. at 435 n.8. The Fourth Circuit has not addressed this issue.

Having recommended that Plaintiffs' claims be dismissed for lack of subject matter jurisdiction, it is not necessary for the Court to reach the merits of White's Motion. Rather, the undersigned respectfully recommends that Defendant White's Motion be denied as moot.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Federal Defendants-Respondents' Motion to Dismiss …" (document #21) be **GRANTED** and that "Telisa White's … Motion to Dismiss…" (document #13) be **DENIED AS MOOT**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page

v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel, and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: June 26, 2018

David S. Cayer
United States Magistrate Judge